[Civ. No. 6920. First Appellate District, Division Two.—December 2, 1929.]

## WELLS FARGO BANK AND UNION TRUST COMPANY, Respondent, v. ELISE FREY, Appellant.

E. B. Taylor for Appellant.

Charles N. Douglas for Respondent.

KOFORD, P. J.—Plaintiff, as executor of the above-named deceased, brought this action against defendant, a daughter of the said deceased, for the sum of $3,250 as the agreed purchase price of 100 shares of capital stock of the San Francisco Milling Company. The complaint was later amended by adding the allegation that defendant had agreed to pay for said stock the reasonable value thereof and that the reasonable value thereof was $3,250. The defendant in her answer denied that the deceased had sold her the stock and alleged that it was given to her in appreciation of her assistance in preparing and obtaining a certain agreement between said deceased and certain of his children.

At the trial the main issue was whether the certificate for 100 shares had been delivered to defendant as a gift or as a sale for which she had promised to pay. The case was tried by the court without a jury. The findings and judgment were in favor of the plaintiff and the defendant appeals.

There is scarcely anything to be said in favor of this appeal except the apparent earnestness of counsel for the appellant. The briefs of appellant are entirely given over to attacks upon the sufficiency of the evidence to support the judgment and findings. The points made are such as might properly be made in the trial court, but as each one resolves itself into a consideration of a conflict of evidence, they are of no avail to appellant in this court. There is ample evidence in the record to support the decision of the trial court. There was testimony to the effect that the stock was delivered to appellant as and for a sale; that she accepted it with the understanding and agreement to pay for it; that she agreed to pay $32.50 per share for it; and that the reasonable value of said stock was $32.50 per share. The certificate of stock was dated October 2d. The conversations and transaction which constituted the sale were said by witnesses to have occurred upon September 29th. This, of course, does not mean that the testimony of the sale must be entirely discredited. It only means that there is a discrepancy in dates—by no means an unusual thing in the trial of a case. No point of this discrepancy was made at the trial nor in the examination of the witnesses. These dates are of no importance and have no significance in the case except as they might influence the trial court in weighing the testimony of the witnesses. The discrepancy in dates does not even give rise to any confusion for there was only the one certificate and the one transaction of sale.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.